change. But the reason of the law in these cases is very different from the case of a lease and no reversion reserved. And it is explicit and clear that if a termor grants all his term rendering rent, he cannot distrain for it. 2 Bac.Abr. 106, Cro.Jac. 487, 2 Lev. 80, Str. 405, 1 Term 441, 2 Wils. 376.

The Act of Assembly never designed to give a right of distress to one who never had such right. It was designed merely to continue, after a determination of a lease, a right to distrain which previously existed; therefore as Stuart never had a right to distrain on Giberson, the Act gave none and could not preserve or continue what the party never had. If then Stuart had no right to distrain, he certainly had no right to enter the close of Rock, and consequently was a trespasser.

As to the questions relating to notice and the second distress it is not necessary to decide nor to intimate any opinion concerning them; for if Stuart had no right to distrain, on the grounds mentioned, the two other questions could have no influence in the cause.

BOOTH, Chief Justice of the Court of Common Pleas, WARNER and COOPER, Justices of the same court, and PAYNTER, Justice of the Supreme Court, who was not a judge at the time of trial in the court below, concurred.

Judgment affirmed unanimously.

THOMAS FREENY v. PETER McCAULLY, Negro.

High Court of Errors and Appeals. November, 1814.

*Ridgely's Notebook II, 102.*